FIRST DEPARTMENT, NOVEMBER, 1956

(November 1, 1956)

■ RICHARD YANDRASITZ v. TEDDY'S THE HOUSE OF SEA FOOD, INC.— Motion to dismiss appeal granted, with $10 costs. Concur — Breitel, J. P., Botein, Rabin, Frank and Valente, JJ.

■ SHERIDAN ASSOCIATES, INC., v. VALUE STATIONERY CO. INC.— Motion to dismiss appeal granted, with $10 costs. Concur — Breitel, J. P., Botein, Rabin, Frank and Valente, JJ.

■ CORINNE C. WATERMAN v. HENRY KAUFMAN et al.— Motion to dismiss appeal granted, with $10 costs. Concur — Breitel, J. P., Botein, Rabin, Frank and Valente, JJ.

■ CORINNE C. WATERMAN v. DORIS BYRNE et al.— Motion to dismiss appeal granted, with $10 costs. Concur — Breitel, J. P., Botein, Rabin, Frank and Valente, JJ.

■ In the Matter of the Probate of the Will of LUCEAL MASON, Deceased. SAVANNA SCOTT, Appellant; ALAN L. DINGLE et al., Respondents; DONALD T. MULLANE, Special Guardian.— Motion to dismiss appeal granted, with $10 costs. Concur — Breitel, J. P., Botein, Rabin, Frank and Valente, JJ.

■ In the Matter of NORMAN KALISKI, an Attorney.— Motion for reinstatement granted. Concur — Breitel, J. P., Botein, Rabin, Frank and Valente, JJ.

(November 7, 1956)

■ In the Matter of the Election of Officers and Directors of FEMODE FOUNDATIONS, INC. BETTY NEEDLEMAN et al., Appellants; BENJAMIN RUDIKOFF et al., as Officers and Directors of FEMODE FOUNDATIONS, INC., Respondents.

*Per Curiam.* The petition and the affidavits submitted in support thereof raise triable issues as to the sufficiency of the notice, dated September 24, 1955, calling a special meeting of the board of directors, the legality of the meeting ultimately held, pursuant thereto, and the election that took place thereat on October 28, 1955. The petitioners are entitled to a hearing under section 25 of the General Corporation Law at which they may offer proof of the statements contained in their petition and affidavits.

The allegations, if true, indicate that the present officers were not legally elected. In this statutory proceeding, the fact of the alleged stockholders' agreement, whether valid or not and whether executed or not, is not before the court. The only issues are the status of the record stockholders and of the directors who purported to act at the last election in question. Accordingly, the order of Special Term should be reversed and the proceeding remanded for the court to take proof of the allegations set forth in the moving papers.

Breitel, J. P., Botein, Rabin, Frank and Valente, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants, and the proceeding remanded for the court to take proof of the allegations set forth in the moving papers. Settle order on notice.